CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
MAR 2 1 2006
JOHN F. CORCORAN, CLERK
BY: Pam Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ROY T. FITZGERALD,<br><br>*Defendant.* | CRIMINAL NO. 3:05CR00013<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's Motion for a Bill of Particulars, filed on March 2, 2006. Fitzgerald argues that a bill of particulars is required to give him notice of the false statements that are the basis of Count Two of the Indictment. In Count Two, defendants Roy Fitzgerald and Charles Saunders are charged with conspiracy to commit witness tampering and conspiracy to suborn perjury. Count Two also alleges that, as overt acts in furtherance of this conspiracy, the defendants attempted to persuade co-defendants Phillips and Madison to withhold evidence and give false statements to federal agents and a federal grand jury. Fitzgerald argues that without knowing what statements the defendants sought to withhold and what statements were made to the grand jury, he cannot determine whether the statements were false or material. The government objects to Fitzgerald's motion, arguing that the indictment and the government's open file policy provide adequate notice of this information.

The purpose of a bill of particulars is to enable a defendant to obtain sufficient

information regarding the charges to allow him to prepare for trial and to minimize the chance of surprise. Grant or denial of a bill of particulars is within the discretion of the district court. Fed. R. Crim. P 7(f); *U.S. v. Schembari*, 484 F.2d 931, 934 (4th Cir. 1973). Where the government maintains an open file policy, however, a bill of particulars is unnecessary, as the defendant has an adequate source of information. *Id.* at 935; *U.S. v. Duncan*, 598 F.2d 839, 849 (4th Cir. 1979); *U.S. v. Canino*, 949 F.2d 928, 949 (7th Cir. 1992); *U.S. v. Scruggs*, No. 96-00054-C, 1997 WL 128113 at *1 (W.D.V.A. Mar. 18, 1997).

Here, the government maintains an open file policy, in which the grand jury testimony of Phillips and Madison and tape recordings of conversations between Phillips, Saunders, and Fitzgerald supporting the bulk of the overt acts alleged in Count Two are available. Hence, adequate information appears available to Fitzgerald to allow him to prepare for trial and avoid surprises at trial. Accordingly, his motion for a bill of particulars is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
Judge

_____March 21, 2006_____
Date